**COURT OF CHANCERY OF
THE
STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: May 5, 2022
Date Decided: August 15, 2022

Ashley R. Altschuler, Esquire
Harrison S. Carpenter, Esquire
Kevin M. Regan, Esquire
MCDERMOTT WILL & EMERY LLP
The Nemours Building
1007 North Orange Street, 10th Floor
Wilmington, DE 19801

Tyler J. Leavengood, Esquire
David A. Seal, Esquire
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Wilmington, DE 19801

RE: *Avi Kerbs v. Bioness Inc.*, C.A. No. 2021-0128-SG

Dear Counsel:

This Letter Opinion considers the Plaintiff's Rule 88 Motion for Advancement and Fees on Fees (the "Motion").[1] In the Motion, Plaintiff Avi Kerbs, a director of Defendant Bioness Inc. ("Bioness"), seeks advancement for fees incurred in a separate suit brought by Kerbs against Bioness (the "Underlying Action").[2] Kerbs also seeks prejudgment interest and indemnification for fees and expenses incurred in asserting his advancement right (the "Fees on Fees").[3]

---

[1] *See* Pl.'s Rule 88 Mot. Advancement and Fees on Fees, Dkt. No. 52 [hereinafter "Pl.'s Mot"].
[2] *Id.* at 1.
[3] *Id.*

# I. BACKGROUND

## A. The Underlying Action

In the Underlying Action, Kerbs alleged that the other directors of Bioness were preventing him from fulfilling his fiduciary duties in connection with a potential sale of Bioness to Bioventus, the preferred acquirer of Bioness's alleged controller.[4] Kerbs sought books and records pursuant to his statutory right under DGCL Section 220(d) and his common law right to information as a director.[5] He also sought a judgment declaring that a no-shop provision relating to the potential Bioness-Bioventus transaction was invalid and thus did not prevent him from seeking competing offers.[6] Finally, he sought to enjoin the Bioness board from considering the potential transaction.[7]

In pursuit of these causes of action, Kerbs moved for a temporary restraining order ("TRO") enjoining the Bioness board of directors from considering a sale of Bioness.[8] I held hearings on the TRO on February 11, 2021, and February 16, 2021, at which I left the TRO request pending and directed the parties to meet and confer

---

[4] *See* Compl. ¶ 1, *Kerbs v. Lindon et al.*, C.A. No. 2021-0100, Dkt. No. 1 [hereinafter "Underlying Compl."].

[5] *Id.* ¶¶ 51–62.

[6] *Id.* ¶¶ 63–71.

[7] *Id.* ¶¶ 72–75. Kerbs also sought advancement and Fees on Fees in connection with the Underlying Action. *Id.* ¶¶ 76–84.

[8] Pl.'s Mot. TRO, *Kerbs v. Lindon et al.*, C.A. No. 2021-0100, Dkt. No. 1.

regarding a production of books and records.[9] The no-shop expired on February 18, 2021.[10]

On February 19, 2021, Teuza – A Fairchild Technology Venture Ltd. ("Teuza") moved to intervene in the Underlying Action.[11] At the time, Kerbs served as the CEO of Teuza, and Teuza allegedly owned 2.5% of Bioness.[12] Both Kerbs and Teuza were represented by the same law firm in the Underlying Action: McDermott, Will & Emery ("McDermott").[13] I granted Teuza's motion to intervene the same day, February 19, 2021,[14] and Teuza filed a derivative complaint on February 23, 2021.[15] In its complaint, Teuza asserted breach of fiduciary duty claims against the Bioness directors (other than Kerbs) and against Bioness's alleged controller, relating to the potential Bioventus-Bioness transaction.[16] Teuza also

---

[9] Unredacted Tr. Telephonic Oral Arg. and Partial Rulings Ct. Pl.'s Mot. TRO, *Kerbs v. Lindon et al.*, C.A. No. 2021-0100, Dkt. No. 87, Feb. 11, 2021, 42:10–50:1; Unredacted Telephonic Oral Arg. Pl.'s Renewed Mot. TRO, *Kerbs v. Lindon et al.*, C.A. No. 2021-0100, Dkt. No. 63, Feb. 16, 2021 at 24:1–26:10, 28:7–18.

[10] *See* Underlying Compl., Ex. A at Ex. A ¶ 1.

[11] Unopposed Mot. Intervention, *Kerbs v. Lindon et al.*, C.A. No. 2021-0100, Dkt. No. 33.

[12] Underlying Compl. ¶ 5; Verified Compl. Intervention, *Kerbs v. Lindon et al.*, C.A. No. 2021-0100, Dkt. No. 40 [hereinafter "Teuza Underlying Compl."] ¶ 3.

[13] *See* Underlying Compl. at 32; Teuza Underlying Compl. at 36.

[14] Order Granting Unopposed Mot. Intervention, *Kerbs v. Lindon et al.*, C.A. No. 2021-0100, Dkt. No. 34.

[15] *See generally* Teuza Underlying Compl.

[16] *Id.* ¶¶ 66–88

moved for a TRO enjoining Bioness from entering into a sale with Bioventus.[17] I denied Teuza's TRO motion on March 3, 2021.[18]

On March 26, 2021, Kerbs and Teuza filed a joint TRO motion, seeking to declare a second no-shop provision recently entered by Bioness invalid, and enjoining a merger of Bioness and Bioventus.[19] I denied that TRO motion on March 29, 2021.[20]

### B. Kerbs Files This Advancement Action

In his complaint in the Underlying Action, Kerbs also sought advancement for his prosecution of the litigation.[21] At a preliminary hearing, I suggested that Kerbs' claim for advancement would be best addressed via a separate action.[22] Kerbs therefore initiated this action on February 13, 2021, seeking advancement for his fees and expenses incurred in prosecuting the Underlying Action.[23]

---

[17] Teuza's Mot. TRO, *Kerbs v. Lindon et al.*, C.A. No. 2021-0100, Dkt. No. 41.

[18] Unredacted Oral Arg. re Pls.' Mot. Expedite and Mot. TRO and Ct.'s Rulings Filed Under Seal, *Kerbs v. Lindon et al.*, C.A. No. 2021-0100, Mar. 3, 2021, Dkt. No. 97 at 23:16–27:4.

[19] Pls.' Combined Emergency Mot. Temporary Restraining Order and Mot. Expedite, *Kerbs v. Lindon et al.*, C.A. No. 2021-0100, Dkt. No. 90.

[20] Telephonic Oral Arg. and Rulings Ct. Pls.' Mot. Temporary Restraining Order, C.A. No. 2021-0100, Mar. 29, 2021, Dkt. No. 107 at 40:19–45:17.

[21] Underlying Compl. ¶¶ 76–82.

[22] Unredacted Tr. Telephonic Oral Arg. and Partial Rulings Ct. Pl.'s Mot. TRO, *Kerbs v. Lindon et al.*, C.A. No. 2021-0100, Dkt. No. 87, Feb. 11, 2021, 52:12–19.

[23] *See* Verified Compl. Advancement, Dk. No. 1 ¶¶ 36–42.

4

On May 21, 2021, Kerbs moved for summary judgment on his right to advancement.[24] Bioness opposed summary judgment, challenging the reasonableness of the fees incurred by Kerbs.[25] Bioness also contended that Kerbs was not entitled to advancement because he supposedly brought the Underlying Action to advance Teuza's interests as a stockholder of Bioness, not in his capacity as a Bioness director, and because some of the fees were purportedly incurred on behalf of Teuza, not Kerbs.[26]

I held oral argument on Kerbs' summary judgment motion on August 19, 2021.[27] At oral argument, I ruled that the Underlying Action was "[f]acially . . . an advanceable case" and thus, "to the extent that fees were incurred as a result of . . . [Kerbs'] directorial duties," they were advanceable.[28] I instructed the parties to submit a proposed *Fitracks* order, under which Kerbs' Delaware counsel would be required to provide an affidavit stating that they have reviewed the billing and that it all "relate[s] to Mr. Kerbs' litigation while a director."[29] I entered the proposed *Fitracks* order on September 22, 2021.[30]

---

[24] Pl.'s Mot. Summ. J. Advancement, Dkt. No. 17.

[25] Def.'s Answering Br. Opp. Pl.'s Mot. Summ. J. Advancement, Dkt. No. 26 § III.

[26] *Id.* § II.

[27] *See* Oral Arg. and Rulings Ct. Pl.'s Mot. Summ. J. Advancement, Dkt. No. 47.

[28] *Id.* at 27:14–31:12.

[29] *Id.* at 30:7–14; *see also Danenberg v. Fitracks, Inc.*, 58 A.3d 991, 1002–04 (Del. Ch. 2012).

[30] *See* Order Establishing Procedure Payment Advancement Indemnification Pl., Dkt. No. 51.

On September 27, 2021, Delaware counsel for Kerbs submitted an invoice to Bioness, along with a certification stating that, "[i]n [his] professional judgment, each time entry and expense set forth on the Invoices falls within the scope of Mr. Kerbs's advancement rights" and "are reasonable in light of the factors listed in Rule 1.5(a) of the Delaware Lawyers' Rules of Professional Conduct."[31] Bioness objected to the invoice and certification on October 7, 2021, contending that the invoice should be reduced significantly.[32] The parties then corresponded regarding Bioness's objections.[33]

On October 22, 2021, Kerbs filed the instant Motion under Rule 88, seeking advancement for the Underlying Action and Fees on Fees for his pursuit of advancement.[34] I held oral argument on the Motion on April 13, 2022. At oral argument, I directed the parties to meet and confer regarding certain arguments that were supposedly waived, and I instructed McDermott to submit "a certification or an affidavit that the rates that have been charged by [them] are their customary

---

[31] Pl.'s Mot., Ex. E ¶¶ 6–7.
[32] *See* Def.'s Opp. Pl.'s Rule 88 Mot. Advancement Payment Fees-on-Fees, Dkt. No. 56 [hereinafter "Def.'s AB"], Ex. 1.
[33] *E.g.*, Pl.'s Mot., Ex. D.
[34] *See* Pl.'s Mot.

rates."[35]  The parties submitted supplemental letters regarding these issues in late April through May 5, 2022, and I consider the matter fully submitted as of that date.

## II. ANALYSIS

Article VIII of Bioness's certificate of incorporation (the "Charter") outlines the scope of Kerbs' advancement right.[36]  Under the Charter, Kerbs is entitled to advancement in connection with, among other things, "any threatened, pending or completed action, suit or proceeding, whether civil, criminal, administrative or investigative, by reason of the fact that he or she is or was a director or officer of the Corporation."[37]  The Charter unambiguously provides that Kerbs' right to advancement is mandatory.[38]  "When advancement is mandatory, the company carries the ultimate burden of proving that advancement is not required."[39]  This Court construes advancement provisions "broadly to effectuate Delaware's policy of providing temporary relief from substantial expenses."[40]

---

[35] Oral Arg. Pl.'s Rule 88 Mot. Advancement and Payment Fees-on-Fees Held Via Zoom, Dkt. No. 64 at 46:16–23 [hereinafter "Rule 88 Oral Arg. Tr."].

[36] Transmittal Decl. Kevin M. Regan, Esq. Supp. Pl.'s Opening Br. Supp. His Mot. Summ. J. Advancement, Dkt. No. 17, Ex. 26 art. VIII.

[37] *Id.*

[38] *See id.* ("and the Corporation *shall* also advance expenses as incurred to the fullest extent permitted under such laws") (emphasis added).

[39] *Krauss v. 180 Life Scis. Corp.*, 2022 WL 665323, at *4 (Del. Ch. Mar. 7, 2022).

[40] *Id.*

The "by reason of the fact" language in Bioness's Charter mirrors the language of DGCL Section 145.[41] A proceeding is "by reason of the fact that" a person is a director "when 'a nexus or causal connection' exists between the underlying proceeding and the official's 'corporate capacity.'"[42] "Our courts interpret that standard broadly in favor of advancement."[43] "[I]f there is a nexus or causal connection between any of the underlying proceedings . . . and one's official corporate capacity, those proceedings are 'by reason of the fact' that one was a corporate officer, without regard to one's motivation for engaging in that conduct."[44]

*A. Fees Relating to Teuza*

Bioness first contends that Kerbs is not entitled to advancement for fees in the Underlying Action to the extent that they were incurred by Teuza. "When counsel represents both covered and non-covered persons, counsel must allocate fees and expenses depending on whether the activity benefitted the party holding the advancement right."[45] "If a particular . . . litigation activity benefits multiple [parties], but [Kerbs] would have raised or undertaken it himself if he were the sole

---

[41] *See id.*
[42] *Id.* (quoting *Homestore, Inc. v. Tafeen*, 888 A.2d 204, 213 (Del. 2005)).
[43] *Mooney v. Echo Therapeutics, Inc.*, 2015 WL 3413272, at *8 (Del. Ch. May 28, 2015).
[44] *Danenberg v. Fitracks, Inc.*, 2012 WL 11220, at *5 (Del. Ch. Jan. 3, 2012) (quoting *Tafeen*, 888 A.2d at 213).
[45] *Weil v. VEREIT Operating P'ship, L.P.*, 2018 WL 834428, at *8 (Del. Ch. Feb. 13, 2018).

[party], then [Bioness] must advance 100% of the related fees and expenses."[46] In contrast, "if a particular . . . litigation activity only partially benefits [Kerbs], then counsel must make a good faith allocation of the amount of fees and expenses that [Kerbs] would have incurred if he were the sole [party]."[47]

Determining whether "work would have been incurred in the absence of the non-covered [party] frequently requires a degree of judgment."[48] Therefore, "[a]ny doubts should be resolved in favor of advancement"[49]: "If fees cannot be apportioned with rough precision between advanceable [parties] and non-advanceable [parties], or the work was useful for both sets of [parties], then the fees will be advanced in whole."[50] At the advancement stage, "[a]bsent 'clear abuse,' counsel's good faith certification is sufficient to support an award of advancements."[51]

Here, Kerbs' Delaware counsel certified that, "[i]n [his] professional judgment, each time entry and expense set forth on the Invoices falls within the scope of Mr. Kerbs's advancement rights."[52] That is insufficient. This Court has

---

[46] *Fitracks, Inc.*, 2012 WL 11220, at *7.
[47] *Id.*
[48] *White v. Curo Texas Holdings, LLC*, 2017 WL 1369332, at *10 (Del. Ch. Feb. 21, 2017).
[49] *VEREIT*, 2018 WL 834428, at *7 (quoting *Mooney*, 2015 WL 3413272, at *6).
[50] *Holley v. Nipro Diagnostics, Inc.*, 2015 WL 4880418, at *1 (Del. Ch. Aug. 14, 2015).
[51] *VEREIT*, 2018 WL 834428, at *7.
[52] *See supra* note 31 and accompanying text.

previously required counsel to "make a good faith determination regarding the amount of fees and expenses that [the covered party] would have incurred if they were the sole [party]," and also "make a good faith determination regarding the amount of expenses that did not benefit [the covered party] and which only benefitted [the non-covered party]."[53] The certification submitted by Kerbs' counsel makes no explicit determination regarding the amount of fees and expenses that Kerbs' would have incurred if he was the sole plaintiff in the Underlying Action. Nor does it make an explicit determination regarding the amount of fees and expenses that did not benefit Kerbs and only benefitted Teuza. To be sure, Kerbs' counsel represented at oral argument that they excluded from the invoice any work that they believed was "specific to Teuza," including drafting and filing Teuza's complaint.[54] I have no reason to doubt counsel's representation. But it is not explicit in the *Fitracks* certification that Kerbs' counsel made a good faith determination regarding the allocation of Kerbs' and Teuza's fees.

Accordingly, Kerbs' Delaware counsel should resubmit an updated *Fitracks* certification that makes an explicit good faith determination regarding which fees and expenses Kerbs would have incurred if he was the sole plaintiff in the

---

[53] *VEREIT*, 2018 WL 834428, at *8.
[54] Rule 88 Oral Arg. Tr. at 28:8–22.

Underlying Action, and which fees and expenses benefitted only Teuza and not Kerbs. Any such certification should be submitted by August 26, 2022. In the absence of "clear abuse," such a good faith certification will be "sufficient to support an award of advancements."[55] Should counsel submit such a certification, I will give the Defendant the opportunity to respond. Other arguments regarding advancement raised in the Plaintiffs' Motion and the opposition thereto are preserved and will be addressed as appropriate.

### III. CONCLUSION

To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

---

[55] *VEREIT*, 2018 WL 834428, at *7.